## VAN PELT *v.* LITTLER *et als.*

F. sold and delivered to V. P. certain goods, the possession of which V. P. retained for two or three days, when he leased the premises in which the goods were, and delivered the goods to F., his vendor, and one M., who after carrying on the business in connection with F. for a few days, retired, leaving F. in the exclusive possession of the property, which possession continued until the goods were seized by L., as constable, under an execution against F. : *Held,* that the sale of the goods to V. P. was void as to creditors, and the goods were subject to the execution against F.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This was an action on the bond of a constable, to recover the value of certain goods seized on execution as the property of one Foster. The cause was tried before a jury, who returned a verdict for the plaintiff, and judgment was entered thereon. Defendants moved the Court for a new trial, which was refused, and they appealed to this Court. The other facts will be found in the opinion of the Court.

*Hardy, Vaughn, and Smith,* for Appellants.

*Robinson, Beatty, and Heacock,* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

The evidence introduced by the plaintiff shows that Foster was the owner of the goods, in November, 1855 ; that he continued such owner until February, 1856, when he sold to plaintiff; that plaintiff took and retained possession for two or three days, when he leased the premises and delivered the goods to Foster, his vendor, and one Myers, who, after carrying on the business

Tuolumne Water Co. v. Columbia and Stanislaus Water Co.

in connection with Foster, for a few days, retired, leaving Foster in the exclusive possession of the property, which possession continued until their seizure by defendant.

It is admitted that if plaintiff had, after purchasing the goods in controversy, returned them to the possession of his vendor, the transaction would have been void under the Statute of Frauds, and we can see no reason why the fact that the goods remained a few days in the hands of a third person, before being returned to the exclusive custody of the vendor, should take the case out of the operations of the statute.

Upon the facts as disclosed by the record, the law declares the transaction void as to creditors, and the Court erred in refusing a new trial.

Judgment reversed, and cause remanded.